IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   **Case No.** _____ |
| CRAIG FLORES, individually and d/b/a | ) |
| CA FLORES CONSTRUCTION, | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff America's Home Place, Inc. ("AHP") alleges as its Complaint as follows:

### I.     Introduction

This lawsuit seeks damages against Defendant Craig Flores ("Mr. Flores"), individually and d/b/a Ca Flores Construction ("Flores Construction") for Mr. Flores' indisputable breach of his fiduciary duty of loyalty to AHP and his Employment Agreement ("Contract"). In short, Mr. Flores served as a Project Manager for AHP from November 2021 to February 2023 based in AHP's Conroe, Texas office. In February 2023, AHP learned that Mr. Flores had solicited and contracted with two AHP customers under Flores Construction while Mr. Flores was employed by AHP and without AHP's knowledge or consent. This conduct violates Mr. Flores' common law fiduciary of duty of loyalty to AHP as well as various provisions of the Contract, entitling AHP to a host of damages.

### II.     The Parties

1. AHP is a Georgia corporation with its principal place of business at 2144 Hilton Drive Gainesville, Georgia 30501. AHP owns and operates a general contracting business engaged in the construction of pre-sold, single-family, detached lot homes.

1

2. Defendant Craig Flores is an individual resident of Texas. On information and belief, Mr. Flores resides at 4244 Holstein Drive, Cleveland, Texas 77328.

3. Defendant Ca Flores Construction is, on information and belief, a sole proprietorship operated only by Mr. Flores. On information and belief, the principal place of business of Flores Construction is 4244 Holstein Drive, Cleveland, Texas 77328.

### III. Jurisdiction and Venue

4. This Court has jurisdiction under 28 U.S.C. § 1332. AHP is a Georgia corporation with its principal place of business located in Georgia. Mr. Flores and Flores Construction are citizens of Texas. The amount in controversy exceeds $75,000.00, exclusive of interest and costs. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367.

5. Venue is proper in this Court because Mr. Flores and Flores Construction reside and transact business in the Eastern District of Texas. Additionally, the acts or omissions giving rise to this action occurred in the Eastern District of Texas.

### IV. The Facts

6. AHP is engaged in the highly competitive business of constructing custom residential homes.

7. AHP places substantial trust in its Project Managers. AHP's Project Managers have access to confidential sales accounts, account lists, client lists, prospective client lists, techniques, methods, processes, programs, pricing methods, agents, and contractors.

8. AHP has obtained a substantial number of customers and prospective customers through its Project Managers, and the confidential names of these customers and prospective customers are crucial to AHP's business.

9. In November 2021, Mr. Flores executed the Contract with AHP to serve as Project Manager out of AHP's Conroe, Texas office. (**Exhibit A**.) Mr. Flores served as a Project Manager out of the Conroe, Texas office until February 2023.

10. As Project Manager for AHP, Mr. Flores was an agent of AHP and thus owed AHP a fiduciary duty of loyalty. Consistent with this duty, Mr. Flores was obligated to act solely for the benefit of AHP in matters within the scope of his employment and prohibited from engaging in conduct adverse to AHP's interests.

11. In relation to his role as Project Manager, Mr. Flores received specialized training on various topics, including site plans, permitting, administrative work, the building of an AHP home, and warranting an AHP home. (**Exhibit B**.)

The Contract

12. In exchange for Mr. Flores' employment and training, Mr. Flores agreed in the Contract to refrain from various activities that could harm AHP's goodwill and business interests.

13. In Paragraph 2 of the Contract, among other things, Mr. Flores agreed to "devote his full and undivided attention and best efforts" to AHP. (Ex. A, at ¶ 2.) Paragraph 2 of the Contract states:

> 2. Sole Employment. *Employee agrees to devote his full and undivided time and attention and best efforts to the business of Employer*, and that he will at all times faithfully, industriously and to the best of his ability, experience and talents, perform all of the duties that may be required of and from him to promote, develop, manage and operate the Business in a successful and profitable manner. *During Employee's employment with Employer, Employee agrees not to engage in any activity which is or may be harmful to the business interests or the reputation of Employer. During Employee's employment with Employer, Employee will not personally, nor as an employee, officer, director, agent, contractor or sales person, engage in any business which directly or indirectly competes with Employer's Business or assist any other person in doing so. To that end, Employee agrees that he shall not provide to*

> *individuals (other than customers of Employer) services of the nature provided to customers of Employer. Employee further agrees not to involve himself/herself in outside business interests that may be deemed as a conflict of interest, such as, but not limited to, building of speculative homes, acting as advisor to outside construction projects, construction of a personal residence, land development, real estate sales, etc. Employee further agrees not to take compensation from any other source or business unless approval is granted in writing by the President of Employer.* Employee agrees not to accept gifts or other favors of value which are offered as a result of carrying out his duties with Employer.

(Ex. A, at ¶ 2) (emphasis added.)

    14.    In Paragraph 6 of the Contract, Mr. Flores agreed to not "compete" with AHP for one year following his employment with AHP within a sixty-mile radius of the Conroe, Texas office. (Ex. A, at ¶ 6, Addendum B.)

    15.    More specifically, Paragraph 6 of the Contract forbid Mr. Flores from providing services to anyone "who was a client or customer" of AHP at the time of Mr. Flores' separation from AHP or at any time during the one-year period following Mr. Flores' employment. (Ex. A, at ¶ 6.)

    16.    Additionally, Mr. Flores agreed in Paragraph 8 of the Contract to refrain from soliciting AHP's customers for one year following Mr. Flores' employment with AHP. (Ex. A, at ¶ 8.)

    17.    In Paragraph 9(c) of the Contract, Mr. Flores agreed that AHP is "entitled to the recovery of its reasonable attorneys' fees, interest, court costs and any other costs reasonably incurred by [AHP] in exercising its rights" under the Contract. (Ex. A., at ¶ 9(c).)

<u>The Breach of Fiduciary Duty of Loyalty and the Contract</u>

18. In June 2022, Mr. Flores, as Project Manager for AHP, began negotiations with Ronald Chorman and Ronald McCormick, owners of property at 288 CR 2303, Cleveland, Texas 77327, regarding the construction of an AHP home ("Project" or "Property").

19. In or around July 2022, however, Mr. Flores contracted with Mr. Chorman and Mr. McCormick to build a non-AHP home under Flores Construction. Pictures of Flores Construction's sign at the Property, and the home built by Mr. Flores and Flores Construction at the Property, are shown below:

 

(**Exhibit C**.)

20. Mr. Flores contracted with Mr. Chorman and Mr. McCormick under Flores Construction without AHP's knowledge or consent.

21. On information and belief, Mr. Flores and Flores Construction completed the Project either while Mr. Flores was employed with AHP or shortly after Mr. Flores separated from AHP.

22. In February 2023, Mr. Flores signed a "Request for Personnel Action" in which he acknowledged that he breached the Contract. (**Exhibit D**.)

23. AHP does not know if Mr. Flores diverged or solicited other business during Mr. Flores' employment with AHP or since Mr. Flores' employment with AHP concluded.

24. From November 2021 to February 2023, AHP compensated Mr. Flores in bi-weekly payments of an annual salary of $85,000.00. (Ex. A, at Addendum A.)

25. As a result of Mr. Flores' breach of duty of loyalty to AHP and breach of the Contract, AHP has suffered financial and reputational damage.

## V.   Causes of Action

### Count I
### Breach of Contract

26. Mr. Flores breached the Contract by operating Flores Construction while employed by AHP and without AHP's knowledge or consent.

27. Mr. Flores further breached the Contract by soliciting Mr. Chorman and Mr. McCormick and contracting with them under Flores Construction to build a non-AHP home, and building the home, without AHP's knowledge or consent and while employed by AHP.

### Count II
### Breach of the Fiduciary Duty of Loyalty

28. Mr. Flores breached his fiduciary duty by operating Flores Construction while employed by AHP and without AHP's knowledge or consent.

29. Mr. Flores further breached this duty by soliciting Mr. Chorman and Mr. McCormick and contracting with them to build a non-AHP home, and building the home, without AHP's knowledge or consent and either while employed by AHP or within one year after Mr. Flores' employment with AHP concluded.

WHEREFORE, AHP prays for the following relief:

A. Compensatory, consequential, actual, and incidental damages in an amount no less than $300,000.00;

  B. Recission and disgorgement of all salary, benefits, and other compensation paid to Mr. Flores during the period in which he breached his fiduciary duty of loyalty to AHP, along with all monies wrongfully earned by Mr. Flores;

  C. Punitive damages based on Mr. Flores' willful, and at the very least, reckless breach of his fiduciary duty of loyalty.

  D. Pre-judgment interest;

  E. Post-judgment interest;

  F. Recovery of attorneys' fees;

  G. That all costs be taxed to Defendants; and

  H. Such other and further relief to which AHP may be entitled.

*[SIGNNATURE ON FOLLOWING PAGE]*

       Respectfully submitted,

       **ANDREWS MYERS, P.C.**

       */s/ Anthony G. Stergio*
       ANTHONY G. STERGIO
       Federal Bar No. 17302
       State Bar No. 19169450
       astergio@andrewsmyers.com
       1885 Saint James Place, 15th Floor
       Houston, Texas 77056-4110
       Telephone:  (713) 850-4200
       Facsimile:   (713) 850-4211

       and

       Benjamin E. Goldammer (***pro hac vice motion to be filed***)
       Tennessee State Bar No. 026328
       F. Dalton Thompson III (***pro hac vice motion to be filed***)
       Tennessee State Bar No. 037904
       KAY GRIFFIN EVANS, PLLC
       222 Second Avenue North, Suite 340-M
       Nashville, Tennessee 37201
       615-742-4800
       ben.goldammer@kaygriffin.com
       dthompson@kaygriffin.com

       **ATTORNEYS-IN-CHARGE FOR PLAINTIFF**

**OF COUNSEL:**

VED D. CHITALE
Federal Bar No. 315794
State Bar No. 24099613
vchitale@andrewsmyers.com
**ANDREWS MYERS, P.C.**
1885 Saint James Place, 15th Floor
Houston, Texas 77056
(713) 850-4200 – Telephone
(713) 850-4211 – Facsimile
**ATTORNEY FOR PLAINTIFF**