IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG FLORES, INDIVIDUALLY AND D/B/A CA FLORES CONSTRUCTION; AND CA FLORES CONSTRUCTION, <br><br> Defendants. | NO.1:23-CV-00196-MAC |

**REPORT AND RECOMMENDATION**
**DENYING MOTION FOR DEFAULT JUDGMENT**

This case is assigned to United States District Judge Marcia Crone and referred to the undersigned United States Magistrate Judge for all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636; E.D. TEX. CIV. R. 72. Doc. No. 18. Currently pending before the court is Plaintiff, America's Home Place, Inc.'s ("AHP") Motion for Default Judgment. Doc. No. 15.

A. **Factual and Procedural Background**

On May 19, 2023, AHP filed its complaint against Defendants Craig Flores and his construction company CA Flores Construction ("collectively referred to as Flores") for their alleged breach of his employment contract with AHP. Both Flores individually and CA Flores Construction were served in person on May 24, 2023. Doc. Nos. 7-8. The deadline to file an Answer or otherwise respond to the complaint was June 14, 2023. *See* Fed. R. Civ. P. 12(a)(1)(A)(i).

Getting no timely response from Flores, on June 23, 2023, AHP moved for a Clerk's Entry of Default. Doc. No. 11. Several days later, the Clerk entered a default against Flores and his construction company. Doc. No. 14. Then, on July 21, 2023, AHP filed the instant *Motion for Default Judgment*. Doc. No. 15.

Judge Crone set the motion for a hearing on September 6, 2023, and ordered Flores to show cause why a default judgment should not be entered. Doc. No. 17. After referring the motion hearing to the undersigned, Flores appeared five hours late. Minute Entries, September 6, 2023. Flores explained he was having difficulty defending himself because of his severe health issues and lack of financial resources. At the conclusion of the hearing, the undersigned ordered Flores to answer the complaint by September 11, 2023. On the last day, Flores filed his *pro se* Answer to the complaint. Doc. No. 21.

On September 18, 2023, the undersigned ordered the parties to conduct the Rule 26(f) conference. Doc. No. 23. Flores participated in the conference to the extent that he requested AHP's counsel attach a letter to the conference report that described his version of the events. Doc. 26-1. However, Flores did not appear at the Rule 16 case management conference, and the undersigned entered the current Scheduling Order. On January 10, 2024, AHP filed a Motion for Summary Judgment. Doc. No. 30. Flores has not responded, and the time for doing so has passed. *See* Local R. CV-7(e) (allowing twenty-one days to respond to a motion for summary judgment).

**B. Analysis**

A court may enter a default judgment when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend the lawsuit. FED. R. CIV. P. 55. But the entry of a default judgment is within the trial court's discretion. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). "A party is not entitled to a default judgment as a matter of right, even

where the defendant is technically in default." *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). The Fifth Circuit has adopted a policy in favor of resolving cases on their merits and against the use of default judgments. *Rogers v. Hartford Life & Acc. Ins. Co.,* 167 F.3d 933, 936 (5th Cir. 1999). "Default judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

It is unquestionable that Flores failed to timely respond to AHP's complaint and is in default. Yet, Flores did appear at the court's show cause hearing to avoid a default judgment, albeit hours late, and he did eventually file an Answer as ordered by the court. The court also acknowledges that Flores is proceeding *pro se*, and he alleges that he is suffering from cancer. Doc. No. 26-1. AHP has not shown any prejudice because of a three-month delay in filing his Answer. Importantly, AHP has filed an early motion for summary judgment which it contends shows there is not a genuine dispute of material fact and that it is entitled to judgment as a matter of law. The best course of action is to allow this case to be decided on its merits, starting with a decision on the pending *Motion for Summary Judgment*, which is now under active consideration. Indeed, granting a default judgment opens this court to reversal for even a "slight" abuse of discretion. *Lacy v. Sitel Corp*., 227 F.3d 290, 292 (5th Cir. 2000).

Accordingly, for the reasons stated above, the *Motion for Default Judgment* (Doc. No. 15) should be denied.

### C. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed

3

within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 29th day of February, 2024.

_____
Zack Hawthorn
United States Magistrate Judge