IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| AMERICA'S HOME PLACE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> CRAIG FLORES, INDIVIDUALLY, *and* D/B/A CA FLORES CONSTRUCTION <br><br> Defendant. | NO. 1:23-CV-00196-MAC |

# REPORT AND RECOMMENDATION
# GRANTING MOTION FOR SUMMARY JUDGMENT

This case is assigned to United States District Judge Marcia Crone and referred to the undersigned United States Magistrate Judge for all pretrial proceedings, to enter findings of fact and recommend disposition on case-dispositive matters, and to determine non-dispositive matters. *See* 28 U.S.C. § 636; E.D. TEX. CIV. R. 72. Doc. No. 18. Currently pending before the court is Plaintiff, America's Home Place, Inc.'s ("AHP") *Motion for Summary Judgment*. Doc. No. 30. Defendant Craig Flores ("Flores"), Individually, and D/B/A CA Flores Construction, proceeding *pro se*, did not file a response.

A. **Factual and Procedural Background**

On May 19, 2023, AHP filed its complaint alleging that Flores breached his employment contract. Doc. No. 1. Flores worked as a project manager for AHP in constructing custom residential homes. Doc. No. 1, ¶9. His employment contained a "Sole Employment" provision which prevented him from engaging in business that directly competed with AHP and disallowed him from involvement in outside business interests that might be a conflict of interest, including

building speculative homes and acting as an advisor to outside construction projects. Doc. No. 1, ¶13.

AHP alleged that in July 2022, while still the project manager for AHP, Flores began negotiations with two individuals, Ronald McCormick and Ron Chorman, to build an AHP home on property in Cleveland, Texas. Doc. No. 1, ¶18. However, about a month later, Flores agreed with those individuals to build a non-AHP home under Flores Construction. Doc. No. 1, ¶19. This occurred without AHP's knowledge and consent. Doc. No. 1, ¶20. Construction was completed on the home while Flores was employed by AHP or shortly after he was separated. Doc. No. 1, ¶21.

In his Answer, Flores explained that AHP told him that they would not be building a house for McCormick due to a "falling out," but he was not made aware of the details. Doc. No. 21. A few weeks later, Flores's cousin reached out to him about building a home for a man who was terminally ill for his son as his last wish. After he agreed to meet with him, that person coincidentally was McCormick. Flores stated that "Mr. McCormick asked me if I could build him this home for his son as his last dying wish. So as a Christian man I felt a responsibility to help him out. I told Mr. McCormick that I could only do this for him as a side job because I have an obligation to AHP. So, I could only help him out after hours and on weekends when I had free time which he obviously agreed to."

### B. Summary Judgment Standard

On January 10, 2024, AHP filed its *Motion for Summary Judgment*. Doc. No. 30. Flores has not responded, and the time for doing so has passed. E.D. TEX. CIV. R. CV-7(e). Under the Local Rules, "[a] party's failure to oppose a motion . . . creates a presumption that the party does not controvert the facts set out by movant and has no evidence to offer in opposition to the motion."

2

*Id.* CV-7(d). Accordingly, the court must decide the motion without the benefit of argument on Flores's behalf. However, the court may not grant summary judgment for the sole reason that the nonmoving party fails to respond to the motion. *John v. Louisiana (Bd. of Trs. for State Colls. and Univs.)*, 757 F.2d 698, 708 (5th Cir. 1985). Rather, the court grants summary judgment "where the movant's summary judgment evidence does establish its right to judgment as a matter of law." *McDaniel v. Sw. Bell Tel.*, 979 F.2d 1534, 1534 (5th Cir. 1992).

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A genuine dispute about a material fact exists if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material when it is relevant or necessary to the outcome of the case. *Id.* The moving party bears the initial burden of demonstrating that there are no genuine disputes of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 433 (5th Cir. 2005). The movant must support its assertion by "citing to particular parts of materials in the record . . . or showing that the materials cited do not establish the . . . presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1)(A)-(B).

"If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "If the movant does, however, meet this burden, the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Id.* at 1075. The nonmovant cannot satisfy its burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence. *Id.* If the nonmoving party fails to make a showing sufficient to establish the

3

existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322-23.

The court resolves any doubts and draws all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *United States ex rel. Longhi v. United States*, 575 F.3d 458, 465 (5th Cir. 2009). But the court "may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150 (2000); *Anderson v. Liberty Lobby*, 477 U.S. at 255.

1. *Breach of Contract*

AHP argues that Flores breached the employment contract's (1) sole employment provision; (2) covenant not to compete; and (3) covenant not to solicit. Doc. No. 30, p.7. For reasons that will be explained below, AHP has only established Flores's breach regarding the sole employment provision of his employment contract.

a. Sole Employment Provision

Flores's employment contract with AHP states:

> <u>Sole Employment</u>. Employee agrees to devote his full and undivided time and attention and best efforts to the business of Employer, and that he will at all times faithfully, industriously and to the best of his ability, experience and talents, perform all of the duties that may be required of and from him to promote, develop, manage and operate the Business in a successful and profitable manner. During Employee's employment with Employer, Employee agrees not to engage in any activity which is or may be harmful to the business interests or the reputation of Employer. During Employee's employment with Employer, Employee will not personally, nor as an employee, officer, director, agent, contractor or sales person, engage in any business which directly or indirectly competes with Employer's Business or assist any other person in doing so. To that end, Employee agrees that he shall not provide to individuals (other than customers of Employer) services of the nature provided to customers of Employer. Employee further agrees not to involve himself/herself in outside business interests that may be deemed as a conflict of interest, such as, but not limited to, building of speculative homes, acting as advisor to outside construction projects, construction of a personal residence, land development, real estate sales, etc. Employee further agrees not to take

compensation from any other source or business unless approval is granted in writing by the President of Employer. Employee agrees not to accept gifts or other favors of value which are offered as a result of carrying out his duties with Employer.

Doc. No. 1, Ex. 1, ¶2.

The employment agreement states that it is governed by and construed in accordance with the laws of the State of Georgia.[1] Doc. No. 1, Ex. 1, ¶16. "The elements for a breach of contract claim in Georgia are (1) breach and the (2) resultant damages (3) to the party who has the right to complain about the contract being broken." *Song v. eGPS Sols. I, Inc.*, No. A23A1458, 2024 WL 1067130, at *9 (Ga. Ct. App. Mar. 12, 2024), reconsideration denied (Mar. 28, 2024) (citing *Kuritzky v. Emory Univ.*, 294 Ga. App. 370, 371 (1), 669 S.E.2d 179 (2008)).

Flores entered into the employment agreement on November 29, 2021. Doc. No. 30, Ex.1; Doc. No. 1, Ex. 1, p.11.[2] In June of 2022, Flores began negotiations with Chorman and McCormick for construction of an AHP home in Cleveland, Texas. Doc. No. 30, Ex. 1, 13.

---

[1] "Although Texas courts permit choice-of-law agreements, and the default position is that they are enforceable, it is not uncommon for a party to overcome them." *Cardoni v. Prosperity Bank*, 805 F.3d 573, 581 (5th Cir. 2015) (collecting cases holding choice-of-law provisions of foreign states unenforceable and applying Texas law). The elements for breach of contract under Texas law are (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Intern., Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007), (citing *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.], 2001)). Under those elements, AHP would still establish it is entitled to summary judgment on the breach of contract claim even if the court applied Texas law.

[2] Flores did not respond to AHP's requests for admission, thus most of the factual matters in this paragraph derive from Flores's "deemed admissions." *See* FED. R. CIV. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney."); *Murrell v. Casterline*, 307 F. App'x 778, 780 (5th Cir. 2008) ("[T]he failure to respond to requests for admission can lead to a grant of summary judgment against the non-responding party) (citing *Dukes v. South Carolina Ins. Co.*, 770 F.2d 545, 548-49 (5th Cir. 1985)).

However, Flores did not build an AHP home, but agreed to build a non-AHP home for Chorman and McCormick a month later without AHP's knowledge or consent. *Id.*, p.14-15. During construction, Flores placed a "Flores Construction" sign in the front yard. *Id.*, p. 15; Doc. No. 1, Ex. C. Flores completed the home in January or February of 2023. *Id.*, p.15. Flores himself even admitted to building the home as a "side job," although he had the best intentions in doing so in order to fulfill McCormick's "last wish" to build a home for his son. Doc. No. 21, pp. 1-2. Nevertheless, AHP terminated his employment on February 8, 2023, for breach of the Employment Agreement. Doc. No. 1, Ex. D; Doc. No. 30, Ex. 1, p. 17.

These actions constitute a breach of the Employment Agreement, specifically the Sole Employment provision. Flores engaged in a business which directly or indirectly competed with AHP. He also provided Chorman and McCormick the same construction services AHP provided its customers. Therefore, AHP has established that there is not a genuine dispute of material fact that Flores violated the Sole Employment provision of the Employment Agreement.

b. Covenant Not to Compete or Solicit

The Employment Agreement also contains a covenant not-to-compete or solicit. That provision states that within "the Restricted Period," the employee agrees not to provide similar services within sixty miles to someone who was a client or customer of AHP at the time of termination, or who was a customer during the twelve-month period prior to the termination of their employment. Doc. No. 1, Ex. 1, ¶6. The "Restricted Period" is defined as a one-year period immediately following Flores' termination. Doc. No. 1, Ex. 1, ¶6(ii). AHP terminated Flores on February 8, 2023. Doc. No. 1, Ex. D. AHP has cited to no summary judgment evidence that Flores violated the covenant not to compete or solicit within a one-year period *after* his termination. All of the summary judgment evidence focuses on Flores's pre-termination conduct. Therefore, AHP

has not met its summary judgment burden to show Flores violated the covenant not-to-compete or solicit provision in the Employment Agreement.

    2. *Breach of Fiduciary Duty*

To establish a breach of fiduciary claim under Texas state law,[3] the Plaintiff must show (1) the existence of a fiduciary duty, (2) breach of the duty, (3) causation, and (4) damages. *First United Pentecostal Church of Beaumont v. Parker*, 514 S.W.3d 214, 220 (Tex. 2017). "When a fiduciary relationship of agency exists between employee and employer, the employee has a duty to act primarily for the benefit of the employer in matters connected with his agency." *Abetter Trucking Co. v. Arizpe*, 113 S.W.3d 503, 510 (Tex. App.—Houston [1st Dist.] 2003, no pet.), (citation omitted). This includes not competing with the principal on his own account in matters relating to the subject matter of the agency and the duty to deal fairly with the principal in all transactions between them. *Id*. An employee has a duty to deal openly with the employer and to fully disclose to the employer information about matters affecting the company's business. *Id*. An employee may not solicit for himself and accept compensation for doing the very same type work that was salaried to perform by his employer. *Salas v. Total Air Services, LLC*, 550 S.W.3d 683, 692 (Tex. App.—El Paso 2018, no pet.).

Flores acted as AHP's agent when he began negotiating with McCormick and Chorman to build an AHP home in July of 2022. Doc. No. 30, Ex. 1, p. 16. He also admitted that he received specialized training on site plans, permitting, administrative work, home building and home warranting from AHP during his employment. Doc. No. 30, Ex. 1, p. 13. While he was an AHP employee, he built the non-AHP home for McCormick and Chorman without their knowledge and

---

[3] By the terms of the contract, Georgia law only applies to the breach of contract claim. Doc. No. 1, Ex. 1, ¶16.

consent as Flores Construction. Doc. No. 30, Ex. 1, pp. 15-16. Flores knew he was in violation of the Employment Agreement by doing so. Doc. No. 30, Ex. 1, p.17; *see also* Answer ("I told Mr. McCormick that I could only do this for him as a side job because I have an obligation to AHP. So, I could only help him out after hours and on weekends when I had free time which [McCormick] agreed to."). Given these undisputed facts, AHP has met its summary judgment burden on its breach of fiduciary duty claim.

       3. *Damages*

AHP argues it is entitled to $36,507.00 in damages from Flores: an amount which presumably represents a pro-rated portion of his $85,000 annual salary while he was building the non-AHP home for Chorman and McCormick from July 1, 2022 to November 13, 2022.[4] Doc. No. 30, Ex. 1, pp. 9, 12; Ex. 3, p. 2.

In Georgia, the measure of damages for breach of contract is the amount which will compensate the injured person for a loss which a fulfillment of the contract would have prevented or the breach of it entailed. *Caldwell v. Church*, 836 S.E.2d 594, 600 (2019) (citation omitted). AHP specifically bargained for Flores's agreement not to directly compete with AHP's business or provide other individuals services akin to the services he provided to AHP's customers. Doc. No. 1, Ex. A ¶2. Had Flores disclosed to AHP he was providing building services to a prospective/former customer, AHP would not have paid his salary and terminated his employment. Doc. No. 30, p. 10; Doc. No. 1, Ex. D.

In Texas, the court may fashion an appropriate equitable remedy when it finds a breach of fiduciary duty. *Orbison v. Ma-Tex Rope Co., Inc.*, 553 S.W.3d 17, 30 (Tex. App.—Texarkana 2018,

---

[4] The deemed admission states that Flores actually completed building the home in January or February 2023. Doc. No. 30, Ex. 1, p.15.

pet. denied) (citations omitted).  This may include disgorgement of the salary paid to an employee while he was willfully breaching his fiduciary duties to his employer.  *Id.*, citing *ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 872-73 (Tex. 2010).

AHP asks for the same measure of damages for both its breach of contract and breach of fiduciary duty claims—the prorated salary amount Flores earned from July 1, 2022 to November 13, 2022.  Noting no response from Flores to this motion, and under the case law set forth above, the court finds $36,507 is an appropriate amount of damages.

### 4. Attorneys' Fees

The Employment Agreement states that in the event Flores breached the employment agreement, AHP shall be entitled to the recovery of its reasonable attorneys' fees, interest, court costs and other costs reasonably incurred by AHP in exercising its rights under the contract.  Doc. No. 1, Ex. A, ¶9c.  Under Georgia law, this court does not have the authority to alter this provision unless it is prohibited by statute.  *Summit at Scarborough Homeowners Ass'n, Inc. v. Williams*, 807 S.E.2d 63, 64 (2017).  The court cannot find an attorney fee-shifting provision in an employment contract prohibited by a Georgia statute.  Similarly, if AHP's breach of contract claim were governed by Texas law, AHP would still be entitled to reasonable attorneys' fees under TEX. CIV. PRAC. & REM. CODE ANN. § 38.001(8).

The undersigned has reviewed the attorney invoices attached to the *Motion for Summary Judgment* to justify AHP's request for awarding $26,000 in attorneys' fees.  Doc. No. 30, Ex. 2, pp. 57-65.  All of the fees and expenses were reasonable and necessary to prosecute this lawsuit.

### C. Recommendation

AHP's *Motion for Summary Judgment* (Doc. 30) should be granted for claims against Flores for breach of contract and breach of fiduciary duty. Accordingly, the court should issue a Final Judgment in favor of AHP for $36,507.00 in damages and $27,176.36 pursuant to the fee-shifting provision in the Employment Agreement, for a total of $63,683.36.

### D. Objections

Under 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(2). A party who objects to this report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1)(c); FED. R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings

of fact and conclusions of law accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SIGNED this 1st day of May, 2024.

                                                            Zack Hawthorn
                                                          United States Magistrate Judge